UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN A. WILSON,

                                        Plaintiff,

                    -against-

CAPTAIN LESLIE; OFFICER RIVERA;
TACTICAL TEAM OF 47TH PRECINT,

                                        Defendants.

23 Civ. 11063 (LGS)

ORDER OF SERVICE

LORNA G. SCHOFIELD, United States District Judge:

        Plaintiff, who is currently incarcerated at Elmira Correctional Facility,[1] brings this *pro se*

action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights.

By order dated January 4, 2024, the Court granted Plaintiff's request to proceed *in forma*

*pauperis* ("IFP"), that is, without prepayment of fees.[2]

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Plaintiff was detained on Rikers Island at the time he filed this action. According to records maintained by the New York State Department of Corrections and Community Supervision, Plaintiff was admitted to Elmira Correctional Facility on January 5, 2024. *See* https://nysdoccslookup.doccs.ny.gov/.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject

matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A.    The "Tactical Team" of the 47th Precinct

Plaintiff's claims under 42 U.S.C. § 1983 against the "Tactical Team of the 47th Precinct"

must be dismissed.  Section 1983 provides that an action may be maintained against a "person"

who has deprived another of rights under the "Constitution and Laws."  42 U.S.C. § 1983.  The

Tactical Team of the 47th Precinct is not a "person" within the meaning of Section 1983.  *See*

*DeJesus v. Squad*, No. 19-CV-6497, 2019 WL 3958404, at *2 (S.D.N.Y. Aug. 21, 2019) (holding

"42nd Precinct Detective Squad" not a "person" under Section 1983 (citing, *inter alia*, *Will v.*

*Mich. Dep't of State Police*, 491 U.S. 58 (1989)); *see also Zuckerman v. App. Div., Second Dep't*

*S. Ct.,* 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C.

Section 1983).

In light of Plaintiff's *pro se* status and clear intention to assert claims against the

individual Tactical Team officers who allegedly violated his rights, the Court construes the

complaint as asserting claims against those John Doe officers and directs the Clerk of Court to

amend the caption of this action to replace the "Tactical Team of the 47th Precinct" with "John

Doe Officer or Officers of the 47th Precinct."  *See* Fed. R. Civ. P. 21.  This amendment is without

prejudice to any defenses the John Doe defendants may wish to assert.

### B.    *Valentin* order

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court

in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies

sufficient information to permit the New York City Police Department ("NYPD") to identify the

John Doe "Tactical Team" officer or officers who were involved in allegedly placing Plaintiff in

his cell at 47th Precinct on or around October 17, 2023.  It is therefore ordered that the New York

City Law Department, which is the attorney for and agent of the NYPD, must ascertain the

identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address

where the defendant may be served.  The Law Department must provide this information to

Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended

complaint naming the John Doe defendant(s).  The amended complaint will replace, not

supplement, the original complaint. An amended complaint form that Plaintiff should complete

is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the

amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the

USM-285 forms with the addresses for the named John Doe defendant(s) and deliver all

documents necessary to effect service to the U.S. Marshals Service.

### C.    Service on Leslie and Rivera

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[3]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Captain Leslie and Officer Rivera

through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a
summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP
and could not have served summonses and the complaint until the Court reviewed the complaint
and ordered that summonses be issued. The Court therefore extends the time to serve until 90
days after the date summonses are issued.

Service Process Receipt and Return form ("USM-285 form") for each of these defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the "Tactical Team of the 47th Precinct." *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk of Court is directed to add "John Doe Officer or Officers of the 47th Precinct" as a defendant under Fed. R. Civ. P. 21.

The Clerk of Court is also directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York NY 10007.

An Amended Civil Rights Complaint form is attached to this order.

The Clerk of Court is further directed to issue summonses for Captain Leslie and Officer Rivera, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: January 11, 2024
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

## DEFENDANTS AND SERVICE ADDRESSES

1.      Captain Leslie
        New York City Police Department 47th Precinct
        4111 Laconia Avenue
        Bronx, NY 10466

2.      Officer Rivera
        New York City Police Department 47th Precinct
        4111 Laconia Avenue
        Bronx, NY 10466

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

-against-

_____
_____
_____
_____
_____
_____
_____
_____

Jury Trial:   □ Yes     □ No

(check one)

___ Civ. _____ (    )

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's      Name_____
                ID#_____
                Current Institution_____
                Address_____
                _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No.  1      Name _____ Shield #_____
                Where Currently Employed _____
                Address _____
                _____

*Rev. 01/2010*

1

Defendant  No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<div style="border:1px solid black; display:inline-block; padding:2px;"><b>Who did<br>what?</b></div>

Defendant  No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


## II.      Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____


B.      Where in the institution did the events giving rise to your claim(s) occur?

_____


C.      What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____


D.      Facts:_____

_____

<div style="border:1px solid black; display:inline-block; padding:2px;"><b>What<br>happened<br>to you?</b></div>

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

### III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

### IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.     Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

        Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____    No _____    Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____    No _____    Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____    No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____    No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
                _____

                _____

        2.      What was the result, if any?
                _____

                _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
                _____
                _____
                _____
                _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
                _____
                _____
                _____

_____
_____
_____

2.   If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____

**VI.    Previous lawsuits:**

<div style="border:1px solid">On
these
claims</div>

A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

B.      If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.      Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

3.      Docket or Index number _____

4.      Name of Judge assigned to your case_____

5.      Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case?  (For example:   Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<div style="border:1px solid">On
other
claims</div>

C.      Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.      If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.      Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.      Court (if federal court, name the district; if state court, name the county) _____
_____

3.      Docket or Index number _____

4.      Name of Judge assigned to your case_____

5.      Approximate date of filing lawsuit _____

*Rev. 01/2010*                                6

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20__.

Signature of Plaintiff       _____

Inmate Number            _____

Institution Address        _____

_____

_____

_____


Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:  _____