```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                            :
JOHN A. WILSON,                             :
                            Plaintiff,      :
                                            :       23 Civ. 11063 (LGS)
               -against-                    :
                                            :       ORDER
CAPTAIN LESLIE, et al.,                     :
                            Defendants.     :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, a conference was held on May 15, 2024, at which, among other things, pro se Plaintiff stated his desire to add certain information to his Complaint. He was directed to file an amended complaint by May 29, 2024. This directive was confirmed in an Order dated May 16, 2024. The Order was mailed to Plaintiff.

WHEREAS, on May 24, 2024, Defendants filed an amended *Valentin* response naming additional defendants. A copy of the letter was mailed to Plaintiff.

WHEREAS, an Order dated May 29, 2024, extended the time for Plaintiff to file an amended complaint to June 12, 2024, in light of the amended *Valentin* response. The Order was mailed to Plaintiff.

WHEREAS, in a letter dated June 24, 2024, counsel for Defendants stated they had spoken with Plaintiff by telephone on May 30, 2024, and during the conversation told Plaintiff of the June 12, 2024, deadline to file an amended complaint.

WHEREAS, Plaintiff failed to file an amended complaint by June 12.

WHEREAS, an Order dated June 25, 2024, sua sponte extended the time for Plaintiff to file an amended complaint to July 25, 2024, and informed Plaintiff that a failure to do so may result in the dismissal of his case for failure to prosecute. The Order was mailed to Plaintiff.

WHEREAS, an Order dated July 2, 2024, stated that it appeared Plaintiff had been

transferred to a different correctional facility. The Order sua sponte extended the deadline to file an amended complaint to July 31, 2024. The Order also informed Plaintiff that a failure to file the amended complaint may result in the dismissal of his case for failure to prosecute. The Order was mailed to Plaintiff at the new address.

WHEREAS, a letter from Defendants dated July 3, 2024, informed the Court that after further diligence, Defendants had become aware that Plaintiff had been released from custody on June 27, 2024, and the individual of the same name at the second correctional facility was a different person with the same name as Plaintiff.

WHEREAS, the Order dated July 8, 2024, required Plaintiff to provide the Court with his correct address by July 19, 2024, and informed Plaintiff that a failure to comply with the Court's Orders may result in the dismissal of his case for failure to prosecute. The Order was mailed to Plaintiff's last known address.

WHEREAS, Plaintiff failed to provide his correct address by July 19, 2024.

WHEREAS, Plaintiff failed to file an amended complaint by July 31, 2024. It is hereby

**ORDERED** that this action is dismissed without prejudice for failure to prosecute. Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *accord Lopez v.*

*3662 Broadway Rest. Corp.*, No. 19 Civ. 975, 2023 WL 3847141, at *2 (S.D.N.Y. June 6, 2023). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

The first factor, the duration of Plaintiffs' failure to comply with court orders, weighs in favor of dismissal. "There is no absolute measure by which to determine whether the delay is significant. Rather, the determination is case-specific: significant delay can range from weeks to years depending upon the circumstances." *Abarca v. Chapter 4 Corp.*, No. 18 Civ. 11206, 2019 WL 13221420, at *1 (S.D.N.Y. Mar. 21, 2019). Since June 12, 2024, Plaintiff has failed to comply with the Court's repeated orders to file an amended complaint. Since July 8, 2024, Plaintiff has failed to respond to the Order requiring he inform the Court of his corrected address. Due to Plaintiff's failure to comply with the Court's orders, the case is effectively dormant and cannot proceed without Plaintiff's participation. Plaintiff's lack of response is sufficient to warrant dismissal. *See In re Archibald,* No. 23 Civ. 10462, 2024 WL 2093644, at *3 (S.D.N.Y. May 9, 2024) (dismissing a case where Plaintiff failed to communicate with the court for five months.); *Barnes v. Stop & Shop Supermarket Co., LLC*, No. 19 Civ. 431, 2020 WL 3100191, at *2 (S.D.N.Y. June 11, 2020) (finding that delays of five months or less have resulted in dismissal in the Second Circuit).

The second factor, whether Plaintiff was on notice that failure to comply would result in dismissal, weighs in favor of dismissal. On June 25, 2024, Plaintiff was advised that failure to comply with the order would result in dismissal of the case without prejudice for failure to prosecute. The Court's orders "provide[d] clear guidance on how [Plaintiff] could avoid dismissal." *Baptiste*, 768 F.3d at 218. The Court's July 2, 2024, and July 8, 2024, orders again advised Plaintiff that failure to comply with the orders would result in dismissal. These orders were sent to Plaintiff at his last known address, putting Plaintiff on notice of the possibility of

3

dismissal.

The third factor, whether Defendants are likely to be prejudiced by further delay in the proceedings, weighs in favor of dismissal. Plaintiff has failed to comply with the Court's orders for several months, and further delay would prejudice Defendants. *See Seabrook v. Janssen Pharms. Inc.,* No. 20 Civ. 2005, 2022 WL 3718277, at *2 (S.D.N.Y. Aug. 29, 2022) (presuming prejudice to defendants after months of delay).

The fourth factor, balancing the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard, is neutral. "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Sanchez v. Cnty. of Dutchess*, No. 21-2408, 2023 WL 3047971, at *2 (2d Cir. Apr. 24, 2023) (summary order). "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Toro v. Merdel Game Mfg. Co*., No. 22 Civ. 8505, 2023 WL 2368986, at *2 (S.D.N.Y. Mar. 6, 2023).

Finally, the fifth factor, whether the Court has adequately considered a sanction less drastic than dismissal, weighs in favor of dismissal. "A lesser sanction is unlikely to persuade Plaintiff to participate as he has already been informed that his failure to participate may lead to the dismissal of his action, but he has not responded." *Abarca*, 2019 WL 13221420, at *2.

For the foregoing reasons, this action is dismissed without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to close the case.

Dated: September 24, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

4